# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RAFAEL N. BOULDIN,**

        Petitioner,

        -vs-                                    **Case No. 14-C-182**

**PAUL KEMPER, Warden,**
**Racine Correctional Institution,**

        Respondent.

---

## DECISION AND ORDER

---

After a jury trial, Rafael Bouldin was convicted of one count of armed robbery as party to a crime and sentenced to a 13-year term of imprisonment. Bouldin petitions for relief under 28 U.S.C. § 2254. This Court can grant habeas relief only if the state court's resolution of Bouldin's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." §§ 2254(d)(1), (2).

Bouldin claims that the complaint in his case was defective because it did not specifically allege Bouldin as the person who committed the

crime. Under the Sixth Amendment, defendants in criminal prosecutions have the right "to be informed of the nature and cause of the accusation" against them. U.S. Const. amend. VI. To satisfy this requirement, the charging instrument – here a criminal complaint – must "first, contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, and, second, enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 118 (1974). In short, the courts view the instrument objectively: "did the charge enable an accused to mount an adequate defense?" *Fawcett v. Bablitch*, 962 F.2d 617, 618 (7th Cir. 1992).

For whatever reason, the court of appeals did not appear to apply the framework set forth in *Hamling*. Most importantly, the Court finds it impossible to analyze whether the criminal complaint gave Bouldin fair notice of the charges against him without seeing the actual complaint. Therefore, the Court will direct the parties to file a copy of the criminal complaint for the record in this case. *See* Rule 7(a), Rules Governing Section 2254. The Court will also establish a briefing schedule on the merits of Bouldin's petition.

Also before the Court are Bouldin's motions for an evidentiary hearing and to appoint counsel. These motions will be denied without

prejudice. The parties are encouraged to address the propriety of holding a hearing (and the corresponding requirement to appoint counsel in the event a hearing is held) in their briefs to the Court.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** on or before **March 6, 2015**, both parties should file briefs addressing the merits of Bouldin's petition and the necessity (or lack thereof) for an evidentiary hearing.

**IT IS FURTHER ORDERED THAT** Bouldin's motions for an evidentiary hearing [ECF No. 11] and to appoint counsel [ECF No. 14] are **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 16th day of January, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA
U.S. District Judge**