# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAFAEL N. BOULDIN,**

    Petitioner,

-vs-                    Case No. 14-C-182

**PAUL KEMPER, Warden,**
**Racine Correctional Institution,**

    Respondent.

## DECISION AND ORDER

After a jury trial, Rafael Bouldin was convicted of one count of armed robbery as party to a crime and sentenced to a 13-year term of imprisonment. Bouldin petitions for relief under 28 U.S.C. § 2254. For the reasons that follow, this motion is denied.

This Court can grant habeas relief only if the state court's resolution of Bouldin's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." §§ 2254(d)(1), (2). A state court's decision is contrary to Federal law if it applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a

case differently than Supreme Court precedent with materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Second, the state court's application of clearly established Federal law is unreasonable "if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685, 694 (2002). To determine clearly established Federal law, the Court must look to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decisions." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

First, Bouldin argues that the criminal complaint was defective. Under the Sixth Amendment, defendants in criminal prosecutions have the right "to be informed of the nature and cause of the accusation" against them. U.S. Const. amend. VI. To satisfy this requirement, the charging instrument – here a criminal complaint – must "first, contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, and, second, enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 118 (1974). In short, courts view the instrument objectively: "did the charge enable an accused to mount an adequate defense?" *Fawcett v. Bablitch*, 962 F.2d 617, 618 (7th Cir. 1992).

Bouldin argues that the complaint was defective because it states that the robbery victim identified Bouldin's co-actor as the robber, not Bouldin. This was a misstatement that does not affect the sufficiency of the complaint. The complaint states that (1) on or about August 25, 2009, a man wearing an Afro wig entered the Ambassador Inn, where Babette Ross was working, fired a gun, and took $900 from Ross; (2) a police officer viewed the surveillance video of the area outside the Ambassador Inn at the time of the robbery and, several days later, stopped a car matching the car the man in the wig drove away from the scene in; (3) the car was driven by a man named Timothy Crawford and there was an afro wig in the car; and (4) Crawford told police that he was involved in the Ambassador Inn robbery by driving the getaway car while Bouldin committed the robbery. The complaint also describes the elements of Armed Robbery – PTAC. ECF No. 2-1 ("The above-named defendant [Rafael Bouldin] on or about Tuesday, August 25, 2009, at 2301 W. Wisconsin Ave, Milwaukee WI 53233, in the City of Milwaukee, Milwaukee County, Wisconsin, as a party to a crime, with intent to steal, did take property from the person or presence of the owner, Babette J. Ross, by use or threatening use of a dangerous weapon, contrary to [Wis. Stats.] …"). The complaint gives adequate notice and allows Bouldin to plead conviction, even in spite of the

misstatement about lineup identification.

Bouldin also contends that the allegedly insufficient criminal complaint violates his right to due process. Where "a litigant challenges governmental action under the Due Process Clause and under another, more specific constitutional provision, [courts] analyze the claim under the latter, more specific provision." *United States v. Hernandez*, 333 F.3d 1168, 1174 (10th Cir. 2003). Bouldin's assertions about the criminal complaint fall under the Sixth Amendment. Therefore, his due process claim is rejected.

Next, Bouldin argues that his trial counsel was ineffective for failing to challenge the criminal complaint. As the Court already explained, the complaint satisfies the requirements of the Sixth Amendment. Therefore, Bouldin's attorney was not defective for failing to raise the issue. *United States v. Lathrop*, 634 F.3d 931, 937 (7th Cir. 2011) ("To prevail on an ineffective assistance of counsel claim, Lathrop must show that trial counsel's performance was deficient and that the deficient performance prejudiced his defense").

Bouldin also challenges Ross's identification at the lineup and again at trial. A witness identification "violates a defendant's right to due process when the identification procedure is so impermissibly suggestive as to give

rise to a very substantial likelihood of irreparable misidentification." *United States v. Recendiz*, 557 F.3d 511, 524 (7th Cir. 2009). Yet "the admission of evidence rarely implicates due process" because courts rely on other means to safeguard the reliability of evidence, such as the Sixth Amendment rights to counsel and confrontation. *United States v. Sanders*, 708 F.3d 976, 983 (7th Cir. 2013). To determine whether an identification procedure meets this "substantial threshold," courts analyze whether the "identification procedure was suggestive and unnecessary," and whether the procedure was nonetheless reliable "under the totality of the circumstances." *Lee v. Foster*, 750 F.3d 687, 691 (7th Cir. 2014).

At trial, Ross testified that she identified Bouldin as the person who robbed her:

> Q: Do you recall having a visceral reaction or a gut feeling when one of the individuals came out in that lineup?
>
> A: Yes, I do.
>
> Q: What was that feeling?
>
> A: The feeling was more or less one of just – well, it gave me the shakes to see him.
>
> Q: And was that ultimately the person that you identified?
>
> A: Yes.

- 5 -

Ross proceeded to identify Bouldin again at trial:

> Q: Can you see in there which one you wanted to compare that to?
>
> A: It wasn't the one so it had to have been – I believe it was number four that we asked him to put those two back up.
>
> Q: That's number three?
>
> A: Yes.
>
> Q: And that's the person who robbed you that night?
>
> A: Yes.
>
> Q: And that's number four, the one you wanted to see again, just to make sure?
>
> A: Yes.
>
> Q: And what was it distinctive – Again, I guess, repeat what was so distinctive about number four that – or number three that convinced –
>
> A: First of all, my gut reaction to seeing him.
>
> Q: And then the second time you saw him, what did that do?
>
> A: I looked at his face, and that was the gentleman.
>
> Q: Do you see the person in the courtroom today?
>
> A: Yes, I do.
>
> Q: Can you identify that person by clothing and location?

- 6 -

> A: He's sitting next to the defense attorney in a brown shirt.

Ross's testimony establishes that her identification of Bouldin was reliable. Therefore, the admission of this evidence at trial did not violate due process.

Finally, in a more recent filing, Bouldin asks the Court to stay this action so he can return to state court and exhaust a Fourth Amendment claim. District courts may stay a habeas petition "to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *Rhines v. Weber*, 544 U.S. 269, 271-72 (2005). To obtain a stay, Bouldin must demonstrate "good cause for his failure to exhaust" and that "his unexhausted claims are potentially meritorious." *Id.* at 278. Bouldin has demonstrated neither. Moreover, Bouldin waited until the parties fully briefed the claims in his original petition to suggest that he had another claim to exhaust. Therefore, the Court is within its discretion to dismiss Bouldin's petition without further delay. *Id.* (stay may be granted if there is "no indication that the petitioner engaged in intentionally dilatory litigation tactics").

In connection with this Order, the Court must determine whether

Bouldin is entitled to a certificate of appealability. Rule 11(a), Rules Governing Section 2254 Cases. Bouldin failed to make a "substantial showing" that "jurists of reason could disagree" with this Court's "resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Therefore, the Court will not issue a certificate for appeal.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Bouldin's motion to amend/correct his complaint [ECF No. 17] is **GRANTED**;

2. Bouldin's motion for leave to file an exhibit [ECF No. 23] is **GRANTED**, but his request for a stay [also ECF No. 23] is **DENIED**;

3. Bouldin's petition for a writ of habeas corpus is **DENIED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2015.

**BY THE COURT:**

*/s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 8 -

Case 2:14-cv-00182-RTR   Filed 06/11/15   Page 8 of 8   Document 25